UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) |                     |
|---|---|---|
|                          | ) |                     |
| v.                       | ) | No. 3:11-00194      |
|                          | ) | JUDGE CAMPBELL      |
| RICKY FENN, JR.          | ) |                     |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's Motion For Modification Of Term Of Imprisonment (Docket No. 1868), filed by the Defendant, *pro se;* the Movant's Supplemental Brief (Docket No. 1886), filed by counsel for the Defendant; and the Government's Response In Opposition To The Defendant's Motion To Apply Amendment 782 (Docket No. 1892). Through his filings, the Defendant seeks a two-point reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177

L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was charged, along with several Co-Defendants, with participating in a conspiracy to distribute 280 grams or more of crack cocaine, a quantity of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (Docket No. 370). Through a Plea Agreement, the Defendant pled guilty to the charge, and the parties agreed to a sentence of 120 months of imprisonment. (Docket No. 384). At a subsequent sentencing hearing, the Court

determined that the applicable sentencing guideline range was 121 to 151 months, based on a total offense level of 31 and a criminal history category of II. (Docket No. 537). The Court also found that a statutory mandatory minimum sentence of 120 months applied to the Defendant. (Id.). Based on the parties' Plea Agreement, however, the Court sentenced the Defendant to the agreed 120-month sentence. (Docket Nos. 536, 537).

The parties appear to agree that application of Amendment 782 would initially result in a guideline range of 97 to 121 months, based on a total offense level of 29 and a criminal history category of II. As the Amended Presentence Investigation Report indicates, however, the Defendant remains subject to a mandatory minimum sentence of 120 months pursuant to 18 U.S.C. § 841(b)(1) because he is responsible for 280 grams or more of cocaine base, and that mandatory minimum sentence becomes the guideline sentence. U.S.S.G. § 5G1.1(b); (c)(2). Therefore, the Government argues, the Defendant's "sentencing range" has not "subsequently been lowered" so as to permit a sentencing reduction under Section 3582(c)(2).

The Defendant argues that the "guideline range" contemplated by Section 3582(c) is the one calculated before application of the statutory mandatory minimum – in this case, 97 to 121 months – relying on Section 1B1.10, and United States v. Jones, 569 F.3d 569, 572 (6th Cir. 2009). The Defendant further argues that the statutory mandatory minimum sentence of 120 months does not apply here because a proceeding under Section 3582(c)(2) is not a "sentencing" or "re-sentencing."

In Jones, the Sixth Circuit considered the defendant's appeal of a 10-year mandatory minimum sentence imposed by the district court. In determining that the appellate waiver

provision of the defendant's plea agreement was too ambiguous to bar his challenge, the court found that the phrase "guideline range" in the plea agreement could mean either the range calculated before application of the statutory mandatory minimum in Sentencing Guideline Section 5G1.1, or the range calculated after application of that section. 569 F.3d at 572-73. Unlike this case, the Jones case did not involve retroactive application of sentencing guidelines or application of 18 U.S.C. § 3582(c)(2) or U.S.S.G. § 1B1.10. The Court is not persuaded that the holding in Jones advances the analysis here.

In any event, the Defendant's arguments are clearly contradicted by the Sentencing Guidelines and applicable case law. Application Note 1(A) to Sentencing Guideline Section 1B1.10 provides that a statutory mandatory minimum is to be applied before determining whether the applicable guideline range has been lowered by a retroactive amendment:

> (A) Eligibility.--Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (d) is applicable to the defendant; or (ii) *an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).*

The Sixth Circuit has relied on this provision in specifically holding that a defendant who is subject to a statutory mandatory minimum may not benefit by an amendment reducing the Drug Quantity Table offense levels because the statutory mandatory minimum becomes the

guideline sentence. See, e.g., United States v. Kelley, 570 Fed. Appx. 525, 531 (6th Cir. 2014)("Accordingly, the amendments at issue do not lower Kelley's applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps his otherwise applicable guideline range."); United States v. McClain, 691 F.3d 774 (6th Cir. 2012).

Because the Defendant's sentence was not based "on a sentencing range that has subsequently been lowered," his request for a sentencing reduction based on Amendment 782 is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE